**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IBRAHIM SOZEN, Derivatively on Behalf of Nominal Defendant SES AI CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>QICHAO HU, ANDREW BOYD, ERIC LUO, JIONG MA, and MICHAEL NOONEN,<br><br>Defendants,<br><br>and<br><br>SES AI CORPORATION,<br><br>Nominal Defendant. | Case No. 1:26-cv-13102-MJJ<br><br>**~~[PROPOSED~~] ORDER GRANTING JOINT MOTION TO CONSOLIDATE ACTIONS, APPOINT CO-LEAD COUNSEL, AND TO STAY DEFENDANTS' DEADLINES TO RESPOND TO COMPLAINTS** |
| ADAM HUSTON, Derivatively on Behalf of Nominal Defendant SES AI CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>QICHAO HU, ANDREW BOYD, ERIC LUO, JIONG MA, JANG WOOK CHOI, and MICHAEL NOONEN,<br><br>Defendants,<br><br>and<br><br>SES AI CORPORATION,<br><br>Nominal Defendant. | Case No. 1:26-cv-13539-NMG |

This matter is before the Court on a Joint Motion to Consolidate Actions, Appoint Co-Lead Counsel, and to Stay Defendants' Deadlines to Respond to Complaints (the "Joint Motion"). The Joint Motion contains an agreement between Plaintiffs Ibrahim Sozen and Adam Huston (together, "Plaintiffs"), Nominal Defendant SES AI Corporation ("SES AI" or the "Company"), and Defendants Qichao Hu, Andrew Boyd, Eric Luo, Jiong Ma, Jang Wook Choi, and Michael Noonen (collectively, the "Individual Defendants," and together with SES AI, "Defendants") to consolidate the above-captioned related actions (the "Actions") and to stay Defendants' deadlines to answer, move, or otherwise respond to the respective complaints in the Actions. Plaintiffs also ask the Court to appoint Co-Lead Counsel for Plaintiffs. Defendants take no position on the appointment of Co-Lead Counsel for Plaintiffs.

Finding good cause therefor, the Court hereby GRANTS the Joint Motion and ORDERS as follows:

1. To the extent that they have not already been served or have waived service, SES AI and the Individual Defendants, through their undersigned counsel, accept service of the summons and complaints in the Actions without waiver of any rights or defenses, except as to sufficiency of service.

2. Within thirty (30) days of the date that the Court enters an order approving this Joint Motion, the Parties will meet and confer and submit a proposed scheduling order to the Court. Defendants' deadline to answer, move or otherwise respond to the respective complaints in the Actions is stayed until the deadline set forth in the Court's order on the Parties' proposed schedule.

3. The *Sozen* Action is hereby reassigned from Judge Myong J. Juon to Judge Nathaniel M. Gorton, who is presiding over the Securities Class Action.

4. Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, the *Sozen* and *Huston* Actions are hereby consolidated for all purposes, including pretrial proceedings, trial, and appeal, and are referred to herein as the "Consolidated Action."

5. The file in *Sozen v. Hu, et al.*, Case No. 1:26-cv-13102, shall constitute the Master File for every action in the Consolidated Action. When the document being filed pertains to all stockholder derivative actions, the phrase "This Document Relates to All Actions" shall be placed on the cover page. When a pleading applies only to some, not all, of the actions, the document shall list on the cover page the phrase "This Document Relates To:", the docket number for each individual action to which the document applies, along with the last name of the first-listed plaintiff in said action.

6. Every pleading filed in the Consolidated Action, or in any separate action included herein, shall bear the following caption:

| | |
|---|---|
| IN RE SES AI CORPORATION<br>STOCKHOLDER DERIVATIVE<br>LITIGATION | Master File No. 1:26-cv-13102 |

7. Gainey McKenna & Egleston and the Rosen Law Firm, P.A. are designated Co-Lead Counsel for Plaintiffs in the Consolidated Action.

8. Co-Lead Counsel shall represent Plaintiffs in the prosecution of the Consolidated Action, determine and present to the Court and opposing parties the position of Plaintiffs on all matters arising during pretrial negotiations, delegate and monitor the work performed by Plaintiffs' attorneys to ensure that there is no duplication of effort or unnecessary expense, coordinate on behalf of the Plaintiffs the initiation and conduct of discovery proceedings at the appropriate time, have the authority to negotiate matters with Defendants' counsel, and perform such other duties as may be incidental to the proper coordination of Plaintiffs' pretrial activities or authorized by

further order of the Court. Defendants' counsel may rely on all agreements made with either of Co-Lead Counsel, or other duly authorized representative of Co-Lead Counsel, and such agreements shall be binding on all Plaintiffs.

9. The Order granting this Joint Motion shall apply to each action arising out of the same transactions and occurrences and asserting derivative federal and/or state law claims filed in this Court or transferred here, and Co-Lead Counsel shall assist the Court by calling to the attention of the Court the filing or transfer of any such action, and Co-Lead Counsel shall assure that counsel therein receive notice of this Joint Motion and Order. Unless otherwise ordered, the terms of all orders, rulings, and decisions in the Consolidated Action shall apply to all later stockholder derivative actions instituted herein.

**IT IS SO ORDERED.**

DATED: August 20, 2026

/s/ Myong J. Joun
The Honorable Myong J. Joun
United States District Court Judge