UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE SES AI CORPORATION STOCKHOLDER DERIVATIVE LITIGATION | : | Master File No. 1:26-cv-13102-NMG |
| THIS DOCUMENT RELATES TO ALL ACTIONS | : | |

**STIPULATION AND JOINT MOTION TO STAY CONSOLIDATED DERIVATIVE ACTION PENDING RESOLUTION OF RELATED SECURITIES ACTION**

Plaintiffs Ibrahim Sozen and Adam Huston (together, "Plaintiffs"), Nominal Defendant SES AI Corporation ("SES AI" or the "Company"), and Defendants Qichao Hu, Andrew Boyd, Eric Luo, Jiong Ma, Jang Wook Choi, and Michael Noonen (collectively, the "Individual Defendants," together with SES AI, "Defendants," and collectively with Plaintiffs, the "Parties"), by and through their undersigned counsel, pursuant to this Court's Order dated August 20, 2026 (ECF No. 8), hereby stipulate and agree as follows and jointly request that the Court enter the below Order approving this Stipulation:

WHEREAS, Plaintiffs filed two derivative actions, originally captioned *Sozen v. Hu et al.*, 1:26-cv-13102 and *Huston v. Hu et al.*, 1:26-cv-13539, which, pursuant to the Court's Order on August 20, 2026, have been consolidated into the above-captioned action (the "Consolidated Derivative Action") (ECF No. 8);

WHEREAS, on April 27, 2026, a putative securities class action lawsuit alleging violations of the federal securities laws was filed against SES AI and Qichao Hu in the United States District Court for the District of Massachusetts, captioned *Patel v. SES AI Corporation, et al.*, No. 1:26-cv-11894-NMG (the "Securities Action");

Case 1:26-cv-13102-NMG Document 14 Filed 09/21/26 Page 2 of 6

WHEREAS, the Parties jointly request that the Court stay the Consolidated Derivative Action until and through the resolution of the forthcoming motion to dismiss in the Securities Action;

WHEREAS, the Securities Action is governed by the Private Securities Litigation Reform Act of 1995, which imposes a stay on discovery in the Securities Action until after plaintiffs have established that they can state a claim for relief against the defendants;

WHEREAS, this joint stipulation will promote the efficient and orderly administration of justice by coordinating the Consolidated Derivative Action with the Securities Action;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED and, subject to the approval of the Court ORDERED THAT:

1. The Consolidated Derivative Action, including, but not limited to, all motion practice, obligations to respond to the operative complaint, and all discovery and disclosure obligations under the applicable rules, is hereby stayed until thirty (30) days after the earlier of the following events: (a) the Securities Action is dismissed in its entirety with prejudice, and all appeals related thereto have been exhausted, or are resolved or dismissed by settlement; (b) a motion to dismiss the Securities Action is denied in whole or in part; or (c) any of the Parties to this Stipulation gives thirty (30) days' notice that they no longer consent to the voluntary stay of the Consolidated Derivative Action.

2. If this stay of proceedings expires pursuant to Paragraph 1 above, the Parties shall, within fifteen (15) days after the expiration of the stay, meet and confer and submit a proposed scheduling order governing further proceedings in the Consolidated Derivative Action, including the date by which all Defendants must answer, move, or otherwise respond to

any complaint in the Consolidated Derivative Action. Nothing in this Stipulation shall prevent or prejudice any Defendant(s) from moving for a continued stay of proceedings. Further, nothing in this Stipulation shall prejudice Plaintiffs from opposing such motion.

3. Defendants shall promptly notify Plaintiffs upon becoming aware of any derivative lawsuits ("Related Derivative Actions"), or any books and records demands made pursuant to 8 *Del. C.* § 220 or litigation demands ("Related Demands"), arising out of the same facts and circumstances alleged in the Consolidated Derivative Action and/or the Securities Action. Defendants shall promptly notify Plaintiffs in the event any of the Related Derivative Actions or Related Demands is not stayed on terms similar to the stay of the Consolidated Derivative Action. If a Related Derivative Action or Related Demand is not stayed for a similar or longer duration as the Consolidated Derivative Action, Plaintiffs shall have the option to terminate this stay by providing notice to counsel for Defendants via email, and the Parties shall thereafter meet and confer and file a proposed schedule with the Court within ten (10) business days thereafter.

4. The Parties agree that, during the pendency of this stay, Defendants shall inform Plaintiffs promptly upon the scheduling of any mediation or settlement talks with the plaintiff(s) in the Securities Action or any Related Derivative Action or Related Demand, and shall invite Plaintiffs to participate in any such mediation or settlement discussions of any of the Related Derivative Actions or Related Demands.

5. The Parties agree that, notwithstanding the stay of this Consolidated Derivative Action, Plaintiffs may file an amended complaint herein; however, Defendants need not answer or otherwise respond to any complaint or amended complaint that is filed in or consolidated with the Consolidated Derivative Action during the pendency of this stay.

6. Subject to the entry of an appropriate confidentiality agreement/protective order in accordance with this Court's individual rules and practices, which the Parties shall negotiate in good faith, SES AI shall promptly produce to the Plaintiffs: (a) any documents produced in the Securities Actions and/or any Related Derivative Action; (b) any documents produced in response to any Related Demands; and (c) any documents produced in connection with any mediation or settlement discussions concerning the same *provided however*, that Plaintiffs' use of any of the materials referred to in this clause (c) also shall be subject to corresponding terms and restrictions to those contained in any confidentiality or other agreements that governed the original production of those materials.

7. In the event that Defendants agree to terms or conditions in connection with any stipulation, agreement, or motion to stay a Related Derivative Action that are more favorable to the plaintiff(s) therein, Defendants will agree to incorporate those more favorable terms or conditions into this Stipulation.

8. The Parties to this Consolidated Derivative Action do not waive any rights, claims, or defenses of any kind, including jurisdictional defenses, and no part of this Stipulation shall be construed as a waiver of any rights, claims, or defenses.

Case 1:26-cv-13102-NMG Document 14 Filed 09/21/26 Page 5 of 6

Dated: September 21, 2026
Boston, Massachusetts

Respectfully submitted,

/s/ Gregory M. Egleston

Michael P. Utke
UTKELAW, PLLC
P.O. Box 360
Pepperell, MA 01463
Telephone: (617) 314-6600
Email: mutke@utkelaw.com

Thomas J. McKenna
Gregory M. Egleston
GAINEY McKENNA & EGLESTON
260 Madison Ave.,
New York, New York 10016
(212) 983-1300
tjmckenna@gme-law.com
gegleston@gme-law.com

Joshua Baker, Esq. (BBO #695561)
Philip Kim, Esq.
THE ROSEN LAW FIRM, P.A.
275 Madison Avenue, 40th Floor
New York, New York 10016
jbaker@rosenlegal.com
philkim@rosenlegal.com

*Co-Lead Counsel for Plaintiffs in the Consolidated Derivative Action*

/s/ Michael S. Hines

Michael S. Hines (BBO #653943)
Alisha Q. Nanda (BBO #657266)
Hannah M. Henderson (BBO #716053)
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
500 Boylston Street
Boston, Massachusetts 02116
(617) 573-4800
michael.hines@skadden.com
alisha.nanda@skadden.com
hannah.henderson@skadden.com

*Counsel for Defendants Qichao Hu, Andrew Boyd, Eric Luo, Jiong Ma, Jang Wook Choi, and Michael Noonen, and Nominal Defendant SES AI Corporation*

APPROVED AND SO ORDERED:

Dated: 09/29/2026

Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge